**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Adrian Molina, Brittany Smith, Trenton Claxton, Christopher Khouri, Alejandro Montes, Charles Nevels, Erica Stienz, Terrence Vaughn, David Payne, Riyah Amari Moore, Daniel Szafoni, Piya Newton, Wigberto Cruz, Mario Covington Jr., Nakya Green, o*n behalf of themselves and others similarly situated* | ) ) ) ) ) ) ) ) ) ) ) | Case No. 21-cv-5962 The Honorable Andrea R. Wood |
| Plaintiffs, | ) ) | Jury demanded |
| v. GES Logistics, Inc., Joseph Shaw, Does 1-2, Amazon.com, LLC, Amazon Logistics, Inc. Defendants. | ) ) ) ) ) ) | |

**FIRST AMENDED COMPLAINT**

Plaintiffs Adrian Molina, Brittany Smith, Christopher Khouri, Alejandro Montes, Charles Nevels, Erica Stienz, Terrence Vaughn, David Payne, Riyah Amari Moore, Daniel Szafoni, Piya Newton, Wigberto Cruz, Mario Covington Jr., Trenton Claxton, Nakya Green, ("Plaintiffs"), through their attorneys, Lopez & Sanchez, LLP for their Complaint against GES Logistics, Inc. , Joseph Shaw and Does 1-2, (collectively "Defendants"), state as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 et *seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA"), for failure to pay at least the minimum wage for all hours worked, for failure to pay final pay for time worked and for failing to pay, despite repeated requests by Plaintiffs, accumulated vacation andPTO after terminating the employment relationship.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. At all relevant times herein, Plaintiffs Adrian Molina, Brittany Smith, Christopher, Khouri, Alejandro Montes, Charles Nevels, Erica Stienz, Terrence Vaughn, David Payne, Riyah Amari Moore, Daniel Szafoni, Piya Newton, Wigberto Cruz, Mario Covington Jr., Trenton Claxton, and Nakya Green resided in and were domiciled within this judicial district.

4. During the course of their employment, Plaintiffs worked for Defendants in their business loading and unloading delivery vehicles and delivering parcels for Amazon.com, LLC.

5. Defendant GES Logistics, Inc. ("GES"), is a corporation organized under the laws of the State of Illinois which employed Plaintiffs and otherwise conducts business within this judicialdistrict. Defendant GES is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is engaged in commerce, or in the production of goods forcommerce, within the meaning of Section 3(s)(1)(A).

6. Defendant Joseph Shaw was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.* and was involved in the day-to-day business operation of Defendant GES. Defendant Shaw had the authority to hire and fire persons employed by Defendant GES, including Plaintiffs; the authority to direct and supervise the work of Defendant GES employees; the authority to sign on Defendant GES' checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

7. Defendant Amazon.com, LLC, is a limited liability company with principal offices in Seattle, Washington, which employed Plaintiffs, and which operates in this judicial district. Defendant Amazon.com, LLC, is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), which is engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

8. Defendant Amazon Logistics, Inc. is a corporation with principal offices in Seattle, Washington, which employed Plaintiffs, and which operates in this judicial district. Defendant Amazon Logistics is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), which is engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

9. At all relevant times herein, Defendants, were Plaintiffs' "employers" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

10. At all relevant times herein, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

11. Plaintiffs have been employed within the last three years from the filing of this lawsuit.

12. Plaintiffs worked for Defendants and have not been paid for several weeks of work, nor have they been paid earned and accumulated vacation or PTO.

13. Plaintiffs have all repeatedly demanded payment and after promises of payment, Defendant Joseph Shaw stopped answering calls from most of them.

**Defendants Are Joint Employers**

14. At all relevant times, Amazon has been affiliated with and/or operating with GES with respect to Plaintiffs and other similarly situated employees such that Amazon, and GES are the "joint employers" of the Plaintiff and other similarly situated employees.

15. GES operates a carrier and logistics business in providing vehicles and drivers to deliver

3

goods on behalf of Defendant Amazon.com and its affiliates. The goods are purchased by customers using Defendant Amazon.com, LLC's digital platform (the Amazon.com website).

16. Amazon.com, LLC is an e-commerce company and one of the largest – if not the largest – internet retailers in the world, operating the website www.amazon.com.

17. Amazon Logistics, Inc. is a subsidiary of Defendant Amazon.com, LLC (together, "Amazon"), which advertises for and provides Drivers for Amazon.com deliveries. Amazon Logistics, Inc. works with delivery providers ("Delivery Service Providers") to deliver packages from a central location to an Amazon.com customer.

18. Amazon provides Delivery Service Providers, like GES, with exclusive deals on Amazon-branded vans, comprehensive insurance and other services. Amazon Logistics, Getting Started <https://logistics.amazon.com/marketing/getting-started> (last visited December 22, 2021).

19. Amazon also provides access to vehicle maintenance, fuel program, professional uniforms, recruitment tools, payroll, tax, and accounting services, health and employees benefits, and legal support.

20. ON information and belief, Amazon conducts criminal background checks on potential Drivers. Drivers may not be hired until Amazon approves the criminal background screen.

21. Amazon does not require their Delivery Service Providers to have any logistics experience. In part, because Amazon provides technological and logistical expertise to the Delivery Service Provider.

22. Plaintiffs have executed consent to sue letters, attached to this complaint as Exhibit A.

**CLASS AND COLLECTIVE ALLEGATIONS**

**Fair Labor Standards Act**

23. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of

4

themselves and other past and present hourly employees similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq*. Count I alleges a willful violation of the FLSA, seeks an additional, third year of limitations and seek liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiffs seek to send Notice to all similarly situated employees who have been denied proper compensation, as required by 29 USCSection 216(b) and supporting case law.

24. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following class:

> All current and former drivers who were paid by Defendant GES, Logistics Inc., to deliver packages for Amazon in the Chicagoland area during the applicable limitations period (the "FLSA Collective").

**Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act**

25. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count II of this action is brought by Plaintiffs to recover unpaid wages earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

26. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS Section 1155/1 et seq. Count III of this action is brought by Plaintiffs to recover unpaid final compensation including wages and accrued vacation earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

27. Plaintiffs will seek to certify a class of all similarly situated employees who were similarly denied final compensation.

## COUNT I
## Violation of the Fair Labor Standards Act - Minimum Wages

28. Plaintiffs incorporate and re-allege paragraphs 1 through 27 of this Complaint as though fully set forth herein.

5

29. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay Plaintiffs for work they performed that they were due.

30. During Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

31. During Plaintiffs' employment with Defendants, Plaintiffs performed work for Defendants but were not paid at all for varying amounts of time they worked.

32. By not paying Plaintiffs for all hours worked, Defendants failed to pay Plaintiffs, at least, the minimum wage for all time worked in violation of the FLSA, 29 U.S.C. § 206.

33. Defendants willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked in individual work weeks.

34. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' willful failure to pay the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

35. Plaintiffs are also entitled to liquidated damages in an amount equal to the amount they are owed as unpaid wages.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount Plaintiffs' regular rate for all time Plaintiffs worked which was not compensated by Defendants;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

6

## COUNT II
### Violation of the Illinois Minimum Wage Law Minimum Wages

36. Plaintiffs incorporate and re-allege paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay Plaintiffs at least the minimum wage for all hours worked.

38. During Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the IMWL.

39. During Plaintiffs' employment with Defendant, Plaintiffs performed work for Defendants but were not paid for varying amounts of time they worked.

40. By not paying Plaintiffs for all hours worked Defendants failed to pay Plaintiffs the minimum wage for all time worked violated the IMWL, 820 ILCS 105/1.

41. Under the IMWL, Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit.

42. Plaintiffs are also entitled to treble damages in an amount equal to the amount they are owed as unpaid wages.

43. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of five percent (5%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Treble damages based on the amounts not paid by Defendants as provided by the IMWL;

C. Interest at the rate of 5% per month based on the amounts not paid by

Defendants as provided by the IMWL;

D. .Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the IWPCA – 820 ILCS 115/4 and 115/5
### Failure to Pay Accrued Vacation time and Final Compensation

44. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

45. Count three arises from Defendants' failure to pay Plaintiffs' earned wages when due, for all time worked, and failure to pay accumulated vacation pay in violation of the IWPCA, 820 ILCS 115/4 and 115/5.

46. Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties within 13 days of the end of the customary pay period (820 ILCS 115/4).

47. By failing to pay Plaintiffs, at all for weeks of work performed, Defendants failed to pay Plaintiffs all sum due within 13 days after the end of the established pay period.

48. Pursuant to the IWPCA, Plaintiffs were entitled to be paid final compensation including any unpaid wages and accumulated overtime pay by the next scheduled pay period after terminating employment (820 ILCS 115/5).

49. Despite multiple repeated demands by Plaintiffs, Defendants have failed to pay final compensation as required under the IWPCA.

50. Defendants' failure to pay all wages, when due, violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the

8

WPCA;

B.    Treble damages based on the amounts not paid by Defendants as provided by the IWPCA;

C.    Interest at the rate of 5% per month based on the amounts of final compensation not paid by Defendants as provided by the IWPCA;

D.    .Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

E.    Such other and further relief as this Court deems appropriate and just.

                        Respectfully submitted,

                        /s/    Jorge Sanchez
                      One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: January 12, 2022

9